[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR IMMEDIATE WAGE WITHHOLDING POST JUDGMENT (#155)
The defendant seeks an immediate wage withholding. The relevant statute provides; § 52-362 (a)(1) "`Dependent' means a . . . former spouse . . . entitled to payments under a support order . . ." and (a)(7) "`Support order' means a court order . . . that requires the payment to a dependent of either current support payments, payments on an arrearage, or both. . . . CT Page 3028
The parties' marriage was dissolved by judgment rendered November 5, 1999 at which time a separation agreement (#147) was incorporated in the judgment file (#149). Paragraph 2.1 a provides that the plaintiff pay the defendant $6270 per month as alimony, payable in equal installments on the 1st and 17th of each month. Paragraph 2.1b provides that the plaintiff pay as additional alimony $3000 quarterly due on March 1, 2000, June 1, 2000, September 1, 2000, December 1, 2000, March 1, 2001 and June 1, 2001, non-modifiable as to term or amount. The payments provided for in paragraph 2.1a are periodic during her lifetime or until her remarriage or cohabitation. The agreement is silent as to a wage withholding order as is the judgment. On file is a fully executed advisement of rights re wage withholding (#143) including a waiver of right to immediate wage withholding order agreeing ". . . that a contingent and not an immediate wage withholding order shall issue in the case."
The court when entering the support order, as provided in § 52-362
(b),
 ". . . shall order the withholding to be effective immediately or may. pursuant to an agreement of the parties, order a contingent withholding to be effective only on accrual of a delinquency in an amount greater than or equal to thirty days'
obligation." (emphasis added)
The plaintiff was 48 days late in payment of the "additional alimony" on one occasion. The plaintiff acknowledged he was never over about two weeks late in paying the periodic order. The plaintiff has failed to prove failure to pay any alimony for 30 consecutive days.
The plaintiff's motion is denied.
HARRIGAN, J.T.R.